Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Defendants The Corporation of
the President of The Church of Jesus Christ of
Latter-day Saints and James Bean

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **RICHARD JOHNSON**, a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>**THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation, JAMES BEAN, and JOHN DOES 1-3**,<br><br>Defendants. | Civil No. 3:13-cv-336<br><br>**NOTICE OF REMOVAL**<br><br>By Defendants The Corporation of the President of The Church of Jesus Christ of Latter-day Saints and James Bean<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Corporation of the President of The Church of Jesus Christ of Latter-day Saints and

Successors (COP) and James Bean hereby remove this action styled Case No. 1301-01439,

*Richard Johnson v. The Corporation of the President of the Church of Jesus Christ of Latter-day*

*Saints and successors, James Bean, and John Does 1-3*, in the Circuit Court of the State of

Oregon, for Multnomah County, to the United States District Court for the District of Oregon,

PAGE  1-    NOTICE OF REMOVAL

Portland Division.  Removal is appropriate because there is complete diversity between Plaintiff and COP.  The John Doe defendants are disregarded for purposes of diversity.  Defendant James Bean has been fraudulently joined, and therefore he should likewise be disregarded for purposes of diversity.  And the amount in controversy exceeds $75,000.

## I.    THE NATURE OF THE CASE.

On January 30, 2013, Plaintiff Richard Johnson filed this suit in the Circuit Court of the State of Oregon for Multnomah County, seeking recovery for damages allegedly arising from sexual abuse he suffered as a youth by a female volunteer Sunday School teacher in 1974 or 1975.  Plaintiff alleges that Randa Fife (Fife) was a volunteer youth minister and Sunday School teacher with duties supervising, interacting with, and counseling with pre-adolescent and adolescent boys.  Plaintiff alleges that Fife invited Plaintiff on a church youth outing, where Fife and Plaintiff engaged in acts of sexual touching, molestation and sexual intercourse.  Plaintiff alleges that the LDS Church knew Fife was a pedophile.  *See* **Exhibit 1**, Plaintiff's Complaint ¶¶ 8-19.  Plaintiff's Complaint asserts two claims: (1) battery, and (2) negligence.

## II.    THE REQUIREMENTS FOR REMOVAL ARE SATISFIED.

This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter is between a citizen of Oregon – Plaintiff – and a citizen of Utah – COP – and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.    There is diversity between Plaintiff and COP.

At the time of the filing of this action and as of the date of this notice of removal, Plaintiff Richard Johnson was and is a citizen of Oregon.  Ex. 1, Compl. ¶ 2.  Defendant COP is a Utah corporation sole.  It was incorporated in Utah and has its principal place of business in Salt Lake City, Utah.  *See* **Exhibit 2**, Affidavit of Paul Rytting.  Thus, there is diversity between Plaintiff and COP.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of

any State by which it has been incorporated and of the State where it has its principal place of business").

**B.      John Does 1-3 are disregarded for purposes of diversity jurisdiction.**

"In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  Thus, Plaintiff's allegation that "[o]ne or more of Defendant John Does 1-3 are Oregon residents" does not preclude removal or defeat diversity jurisdiction.

**C.      The Complaint fails to state a cause of action against Defendant James Bean under the well settled law, and therefore his citizenship should be disregarded for purposes of diversity.**

The Complaint does not allege the citizenship of Defendant James Bean.  He is an Oregon resident.  *See* **Exhibit 3**, Affidavit of James Bean.  "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.  Nevertheless, one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citation omitted).

Fraudulent joinder "is a term of art."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  It does not mean that the plaintiff has intentionally tried to defeat diversity through a false or fraudulent pleading.  Rather, a party has been fraudulently joined if the complaint clearly fails to state a claim against that defendant.  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Id*.

In determining whether a defendant has been fraudulently joined, the court is not limited to the pleadings.  "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."

*Morris*, 236 F.3d at 1068.  "The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent."  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."  *Ritchey*, 139 F.3d at 1318.  *See also EIE Guam Corp. v. The Long Term Credit Bank of Japan*, 322 F.3d 635, 643 (9th Cir. 2003) ("We are not limited to the pleadings but must also examine the case as a whole.").

In *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1183 (D. Or. 2001), the district court accepted an affidavit from a nondiverse defendant, even though the factual assertions in the affidavit contradicted the allegations in the complaint.  The plaintiff did not submit any contrary evidence, but merely asserted that discovery could uncover facts under which the nondiverse defendant could be held liable.  The court discounted this possibility.  "When a removing party presents evidence that establishes a claim of fraudulent joinder … the Court has no authority to grant a motion to remand based on the possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of record."  *Id.  See also Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000) ("We agree with the district court that, considering defendants' affidavits 'in light of the plaintiffs' lack of evidence,' there is no reasonable basis for predicting that plaintiffs might establish liability … against the in-state defendants.").

Likewise, in *McCabe*, the court held, based in part on affidavits, that the plaintiff had not stated a negligence claim against his managers because "[h]e alleged no duty that they owed to him" as opposed to their employer.  811 F.2d at 1339.  Thus, the case was properly removed.

Here, the attached affidavit from James Bean confirms what is also apparent from the face of the complaint:  Plaintiff has not pleaded a cause of action against Bean.

PAGE  4-    NOTICE OF REMOVAL

Plaintiff's complaint asserts two claims, the first is for battery.  Plaintiff alleges that he and his family were members of the 9th Ward of the Oregon City Stake of the LDS Church.[1] Bean was the Stake President of the Oregon City Stake.  Plaintiff alleges that Bean's "acts and omissions … were within the course and scope of his agency relationship with Defendant LDS." Ex. 1, Compl. ¶ 5.  But Plaintiff does not allege what "acts or omissions" Bean committed that could render him liable for battery under Oregon law, either directly or under a theory of *respondeat superior*.  Plaintiff does make the bald allegation that the alleged perpetrator, Fife, was "a duly authorized agent of Defendants" and was "acting within the scope and course of her agency relationship with Defendants."  *Id.* ¶ 9.  But the Complaint makes no allegations of how Fife could have been *Bean's* agent.  And, in fact, Fife was not Bean's agent.

As a stake president, Bean was ecclesiastically in a managerial sort of capacity for the LDS Church.  *Id.* ¶ 5.  Employees are agents of their employer, not of their manager. Additionally, Bean was a stake president over the Oregon City Stake of the LDS Church.  *Id.* Fife was allegedly a Sunday School teacher in the 9th ward.  *Id.* ¶ 8.  As a stake president, and as a matter of Church polity, Bean would not have been involved in the day-to-day operations of the 9th Ward.  Exh. 3, Bean Aff. ¶ 12.  Again, as a matter of Church structure and polity, Bean would not have chosen Fife as a Sunday School teacher and would have had no supervisory control or authority over Fife.  *Id.* ¶¶ 12-13.

In sum, under well-established Oregon law, it is clear that Plaintiff has not and could not state facts that would render Bean liable for the alleged battery committed by Fife.

---

[1] In the LDS Church, a "ward" is a local congregation consisting of between 200 and 500 members.  A "stake" is a group of 8 to 10 wards.  *Scott v. Hammock*, 870 P.2d 947, 949 n.1 (Utah 1994) ("In the LDS Church, a bishop is the ecclesiastical leader of a local congregation called a 'ward.'  A group of wards make up a 'stake,' which is headed by a stake president…. A bishop's and stake president's duties include giving spiritual guidance and counsel to the members of the Church in their jurisdiction."); *Doe v. Corp. of President of Church of Jesus Christ of Latter-day Saints*, 90 P.3d 1147, 1149 n. 3 (Wash. App. 2004) ("There is a bishop for each ward who has ecclesiastical authority over the members …. [T]he stake president has ecclesiastical authority over the wards.").

Plaintiff's second claim is for negligence.  "A pleader is required to state *in what way* the defendant was allegedly negligent."  *Holger v. Irish*, 316 Or. 402, 407 (1999) (en banc).  Plaintiff's negligence claim does not even mention Bean.  Its sole allegation is against the Church:  "Defendant LDS knew that Fife was a pedophile.  Therefore, Defendant LDS was negligent in allowing Fife to have contact with and supervisory authority over minor parishioners, including Plaintiff."  Ex. 1, Compl. ¶ 19.

Additionally, Plaintiff does not allege that Bean owed him a duty of care.  Absent a "statute, case or common law rule that establishes a special relationship between a supervisor and tortfeasors or victims under a supervisor's control," the supervisor has "no duty to protect plaintiff from the actions" of an employee.  *Whelan v. Albertson's Inc.*, 129 Or. App. 501, 507 (1994).  (In any case, as noted, Bean was not Fife's supervisor.)  Furthermore, Plaintiff does not allege that Bean knew that Fife was dangerous or that the alleged sexual abuse was foreseeable.  "'[W]hen a plaintiff claims that a risk was foreseeable, though not necessarily foreseen, the plaintiff must allege facts that would allow the factfinder to conclude that the defendant should have known of the risk.'"  *Stewart v. Kids Incorporated of Dallas, Oregon*, 245 Or. App. 267, 282 (2011) (quoting *Moore v. Willis*, 307 Or. 254, 259 (1988).  It is not enough for the plaintiff to allege that the defendant "should have known" something—though Plaintiff does not even do that—for that "is not an allegation of fact, but 'a conclusion drawn from other facts.'"  *Stewart*, 245 Or. App. at 282 (quoting *Moore*, 307 Or. at 259).  A complaint cannot "make[] the generic assumption that defendants should have known about the risk of harm of sexual attack, without alleging any facts to support that assumption."  *Id.* at 286.  Plaintiff's complaint does not allege that Bean knew, or even that he should have known, that Fife posed a danger.  In short, under well-settled Oregon rules, Plaintiff has not stated a claim for negligence against Bean.

Additionally, Plaintiff's negligence claim is plainly barred by the applicable Oregon statute of repose.  A "statute of limitations defense is a permissible means by which to establish

fraudulent joinder in order to remove an action on diversity grounds." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009) (citing *Ritchey*, 139 F.3d at 1319 (holding that case was properly removed where statute of limitations barred claim against nondiverse defendants)). Oregon has a 10-year statute of repose for negligence claims. "In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of." ORS 12.115(1). The extended statute of limitations for claims based on child abuse applies "notwithstanding" the statute of repose, when the action is "based on … conduct knowingly allowing, permitting or encouraging child abuse." ORS 12.117. But the Oregon Court of Appeals has held that this requires <u>actual</u> knowledge of ongoing abuse against the plaintiff. *See Lourim v. Swensen*, 147 Or. App. 425, 444 (1997) (explaining that the conduct referred to by statute "is actual, as opposed to constructive, knowing conduct"), *aff'd in part and rev'd on other grounds*, 328 Or. 380 (1999).

Thus, the extended discovery period of ORS 12.117 applies to negligence claims only when the plaintiff can show that the defendant actually knew the abuse was occurring and allowed, permitted, or encouraged it. In *Lourim*, the Court dismissed a negligence claim on the pleadings because the complaint alleged only that the Boy Scouts were aware that the perpetrator "'might' be a 'risk' to children" generally. *Id.* at 444. There was no allegation that the Boy Scouts had actual knowledge of child abuse, much less that they encouraged, allowed, or permitted that abuse to continue. *Id.* at 444-45.[2] *See also Sapp v. The Roman Catholic*

---

[2] In a companion case, the Court of Appeals dismissed a negligence claim against the Portland Archdiocese stating:
> Each of those allegations [in the complaint] contains no more than the assertion that the Archdiocese knew enough about child abuse in the church generally that it *should have known* that Bucher actually presented a risk to children. But none contains an allegation that the Archdiocese had actual knowledge that Bucher was, in fact, abusing children and that it then allowed, permitted or encouraged such abuse to continue. That, as we held in *Lourim*, is the only sort of conduct on which a claim subject to ORS 12.117 successfully may be predicated. Given that plaintiff's negligence claim is not based on conduct "knowingly allowing, permitting or encouraging child abuse," it is not subject to the extended limitation period of ORS 12.117 and therefore was properly dismissed as untimely filed.

*Fearing v. Bucher*, 147 Or. App. 446, 454-55 (1997).

*Archbishop of Portland in Oregon*, No. CV 08-68-PK, 2008 WL 1849915, at *14 (D. Or.
Apr. 22, 2008) ("Sapp alleges, at most, that the Archbishop knew (or should have known) of Fr.
T.L.'s *predilection* for sexual abuse of minors, not that the Archbishop had actual knowledge
that Fr. T.L. was subjecting Sapp in particular to sexual abuse at the time the abuse took
place[.]").

      The Complaint does not allege that Bean knew that Fife was a risk to minors, much less
that Bean had actual knowledge of child abuse committed by Fife or that Plaintiff was being
abused by Fife. Therefore, Plaintiff's complaint does not fit within the extended statute of
limitations offered by ORS 12.117. His negligence claim against Bean is therefore clearly barred
under well-established Oregon law.

      Finally, Bean is also immune from suit under the Federal Volunteer Protection Act
(VPA). Such immunity is a proper basis for demonstrating fraudulent joinder. *See Carriere v.
Sears, Roebuck & Co.*, 893 F.2d 98, 101 (5th Cir. 1992) (co-workers immunity from suit meant
that plaintiff "could not possibly recover" from him and he was therefore fraudulently joined).

      The VPA immunizes volunteers for "harm caused by an act or omission of the volunteer"
if (1) the act or omission was "within the scope of the volunteer's responsibilities in [a] nonprofit
organization," (2) the volunteer was "properly licensed, certified, or authorized for the activities
or practice in the State in which the harm occurred," (3) "the harm was not caused by willful or
criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference
to the rights or safety of the individual harmed by the volunteer," and (4) "the harm was not
caused by the volunteer operating a motor vehicle, vessel, aircraft, or other vehicle…." 42 U.S.C.
§ 14503(a). The VPA "applies to *any* claim for harm caused by an act or omission of a
volunteer." *Armendarez v. Glendale Youth Ctr., Inc.*, 265 F. Supp. 2d 1136, 1139 (D. Ariz.
2003).

PAGE  8-    NOTICE OF REMOVAL

76633-0006/LEGAL25908780. 2

"The term 'harm' includes physical, nonphysical, economic, and noneconomic losses." 42 U.S.C. § 14505(2).  A *volunteer* protected by the VPA is any individual "performing services for a nonprofit organization … who does not receive (A) compensation (other than reasonable reimbursement for allowance for expenses actually incurred); or (B) any other thing of value in lieu of compensation, in excess of $500 per year, and such term includes a volunteer serving as a director, officer, trustee, or direct service volunteer."  42 U.S.C. § 14505(6).[3]

Under the alleged facts, Bean is immune under the VPA.  The LDS Church is a 501(c)(3) tax-exempt entity, and is therefore a nonprofit organization under the VPA.  *See* Ex. 2, Rytting Aff.  The harm alleged in the Complaint falls within the VPA's all-encompassing definition of harm.  The Complaint alleges that Bean was authorized to act for the Church and was acting within the scope of his volunteer responsibilities.  Ex. 1, Compl. ¶ 5.  And the complaint does not allege any acts that are not covered by the VPA.  Finally, Bean was an unpaid volunteer.  *See* Ex. 3, Bean Aff. ¶¶ 9-10.

**D.    The Amount in controversy exceeds $75,000.**

Plaintiff's Complaint seeks at minimum $5,105,000 in damages, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).

---

[3] Although only a handful of courts have had occasion to address the VPA, they have all applied it broadly to immunize volunteers from liability.  *See Nunez v. Duncan*, No. Civ. 03-1359-AA, 2004 WL 1274402, at *1 (D. Or. June 9, 2004) (Defendant Kehoe, the president of the American Corrections Association, a private, not-for-profit corporation, could not be held liable in an action by a prison inmate at an ACA facility who alleged he had been subjected to an unlawful strip search.  Because Kehoe was an unpaid volunteer, he was "subject to the full protection of the federal Volunteer Protection Act, 42 U.S.C. §14501 et seq., in connection with his ACA related activities and cannot be held liable for harm caused by his alleged acts or omissions on behalf of ACA."); *Avenoso v. Mangan*, No. CV054009152, 2006 WL 490340, at **4-5 (Conn. Super. Feb. 14, 2006) (volunteer hockey coach who tripped and fell on player was immune from liability for ordinary negligence under VPA); *Shafer v. Sullivan*, No. X04CV034001301S, 2006 WL 1530183, at *1 (Conn. Super. May 22, 2006) (VPA defense was "ironclad" against negligence claim brought against VFW volunteer); *Ventres v. Goodspeed Airport, LLC*, Nos. X07CV01402085S, X07CV014025127S, X07CV075012545S, 2008 WL 2426790, at *24 n. 25 (Conn. Super. May 27, 2008) (individual volunteer members of non-profit land trust entitled to protections of VPA).

PAGE  9-    NOTICE OF REMOVAL

## III.    THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED.

This removal notice is timely filed as required by 28 U.S.C. § 1446(b).  Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court.  The only process or pleading served by or upon Defendants in the state court proceedings are the Complaint, attached hereto as Exhibit 1, and the Acceptance of Service, attached hereto as **Exhibit 4**.    Copies of the Notice of Removal of Action and a copy of this Notice of Removal are being filed with the clerk of the Multnomah County Court, Oregon, Case No. 1301-01439, and are being served on Plaintiff's counsel.

Defendants intend no admission of liability by this notice and expressly reserve all defenses, motions, and pleas available under the Federal Rules of Civil Procedure.

WHEREFORE, Defendants The Corporation of the President of The Church of Jesus Christ of Latter-day Saints and Successors and James Bean remove this action from the Circuit Court of the State of Oregon for Multnomah County to the United States District Court for the District of Oregon, Portland Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED:  February 26, 2013

s/ Cody M. Weston
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Cody M. Weston, OSB No. 984290
CWeston@perkinscoie.com
**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Defendants The Corporation of
the President of The Church of Jesus Christ of
Latter-day Saints and Successors and
James Bean

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** on:

>    Randall Vogt
>    Randall Vogt, PC
>    1314 NW Irving, Suite 207
>    Portland, OR  97209
>
>    Attorney for Plaintiff

by the following indicated methods on the date set forth below:

| X | by **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the United States Postal Service at Portland, Oregon. |

☐ by **email**.

☐ by **hand delivery**.

☐ by sending via **overnight courier** in a sealed prepaid envelope.

DATED:  February 26, 2013                    **PERKINS COIE** LLP

By: s/ Cody M. Weston
    Cody M. Weston, OSB No. 984290
    CWeston@perkinscoie.com

Attorneys for Defendants The Corporation of
the President of The Church of Jesus Christ of
Latter-day Saints and Successors and
James Bean

76633-0006/LEGAL25908780. 2