ENTERED
JAN 30 2013
IN REGISTER BY RRM

FILED
13 JAN 30 PM 1:49
FOR CIRCUIT COURT
MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY    01439

| | |
|---|---|
| RICHARD JOHNSON, a pseudonym, | Case No. 1301-01439 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT:** |
| v. | **Sexual Battery of a Child** |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation, **JAMES BEAN**, and **JOHN DOES 1-3**. | Jury Trial Demanded |
| | Not subject to Mandatory Arbitration |
| | Amount in controversy: $5,105,000 |
| Defendants. | |

**PLAINTIFF ALLEGES:**

### COUNT ONE: COMMON LAW BATTERY

1.

Plaintiff is an adult male who was and is, at all material times, a resident of Oregon. Plaintiff is litigating this case under a pseudonym as allowed by the Order of the Presiding Court dated January 30, 2013.

2.

Plaintiff was born in December 1959, and grew up in Clackamas County, Oregon, in the neighborhood of the Oregon City Stake, 9th Ward, of Defendant Church of Jesus Christ of Latter-Day Saints.

Page 1 - **PLAINTIFF'S COMPLAINT**

**RANDALL VOGT, PC**
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 1 of 8

3.

Defendant Corporation of the Church of Jesus Christ of Latter-Day Saints and Successors ("LDS") is a foreign corporation doing business throughout the State of Oregon. Defendant LDS is organized into a number of local units called "wards," and each ward is located within, and is under the oversight of, a larger unit referred to as a "stake."

4.

Defendant LDS does substantial and sustained business in Multnomah County, Oregon, insofar as it has three (3) stakes with numerous members in Multnomah County, Oregon.

5.

Defendant LDS at all material times transacted business by and through an administrative unit entitled the "Oregon City Stake" located in Clackamas County, Oregon. Defendant James Bean ("Bean") during the years 1974-75 was at all material times a resident of Clackamas County, Oregon, and was the President and Chief Executive Officer of the Oregon City Stake. As such, he had supervisory and managerial authority over the business and operation of the several wards located in the Oregon City Stake including, but not limited to, the 9th Ward. All acts and omissions alleged herein were within the course and scope of Bean's authority as Stake President and were within the course and scope of his agency relationship with Defendant LDS.

Page 2 - **PLAINTIFF'S COMPLAINT**

RANDALL VOGT, PC
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 2 of 8

6.

Defendants John Does 1-3, during the years 1974-75, were duly authorized agents of Defendant LDS who held the positions of Bishop of the 9th Ward, and Counselors to the Bishop of the 9th Ward. One or more of Defendants John Does 1-3 are Oregon residents. This Complaint will be amended to include the true names of Defendants John Does 1-3 as allowed by ORCP 20-H. John Does 1-3 were Bishop and Counselors to the Bishop of the 9th Ward, and they had supervisory and managerial authority over the business and operation of the 9th Ward. All acts and omissions alleged herein were within the course and scope of John Does 1-3s' authority as Bishop and Counselors to the Bishop and were within the course and scope of their agency relationships with Defendant LDS.

7.

Plaintiff and his immediate family were, in 1974-75, long-time members of the LDS. Plaintiff and his family attended church and were involved in numerous church activities under the auspices of the Oregon City Stake, the 9th Ward, including but not limited to Sunday school and youth-oriented church trip to various locations throughout the State of Oregon.

8.

Randa Fife ("Fife") was, at materials times herein, a volunteer youth minister and Sunday school teacher at the Oregon City Stake, 9th Ward, of Defendant LDS. Fife

Page 3 - **PLAINTIFF'S COMPLAINT**

RANDALL VOGT, PC
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 3 of 8

performed duties at the Oregon City Stake, 9th Ward, which included but were not limited to:

    (a)    Acting as a parental figure to pre-adolescent and adolescent boys;

    (b)    Motivating pre-adolescent and adolescent boys to go to church and Sunday school;

    (c)    Motivating pre-adolescent and adolescent boys to attend and participate in the activities and events sponsored by Defendant LDS, including but not limited to, youth activities;

    (d)    Performing church administrative duties with the assistance of pre-adolescent and adolescent boys; and

    (e)    Engaging in counselling and offering spiritual and emotional guidance to pre-adolescent and adolescent boys;

    (f)    Administering formally and informally to the spiritual and emotional needs of pre-adolescent and adolescent boys; and

    (g)    And performing other similar duties typical to a Sunday school teacher or volunteer youth leader for Defendant LDS.

9.

Fife was at all materials times a duly authorized agent of Defendants, and each of them, and was a volunteer youth minister and Sunday school teacher acting within the scope and course of her agency relationship with Defendants. Defendants, and each of them, had the right to control the services and duties which Fife performed on its behalf as well as the manner in which Fife performed these services and duties.

10.

Over time, Fife used her position as an agent to gain the confidence and trust of Plaintiff and Plaintiff's mother, and thereby gained permission from Plaintiff's mother to

Page 4 - **PLAINTIFF'S COMPLAINT**

RANDALL VOGT, PC
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 4 of 8

spend unsupervised time with Plaintiff. Over time, Fife used her position as an agent to gain the confidence and trust of Plaintiff, thereby gaining his consent to participate in various church-sponsored activities with her.

11.

On a day when Plaintiff was about 13 to 15 years of age, during or about 1974-75, Fife notified Plaintiff that she would like him to attend an LDS-sponsored outing on the Oregon Coast. After speaking to his mother, Plaintiff agreed to join Fife for the outing and was transported by Fife to the Oregon Coast, where Fife engaged in acts of sexual touching, sexual molestation, and sexual intercourse with Plaintiff.

12.

Defendants, and each of them, allowed, permitted, or encouraged sexual abuse of Plaintiff, and otherwise failed to take any steps or actions to protect Plaintiff from the conduct of Fife alleged herein, when it knew that Fife's conduct presented a risk to minor children and to Plaintiff.

13.

Defendants, and each of them, provided Fife opportunities to be alone with Plaintiff, touch him physically, and sexually molest him. The activities of Fife occurred within the time and space limitations of agency relationship with Defendants, the activities were committed out of a desire (at least initially and partially) to fulfill Fife's duties as a youth minister or Sunday school teacher at LDS, and generally were of a kind in nature that Fife was required and encouraged by LDS to perform. Fife's motives

Page 5 - **PLAINTIFF'S COMPLAINT**

RANDALL VOGT, PC
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 5 of 8

evolved over time and it became easy for her to isolate Plaintiff in such a manner as to make him vulnerable to sexual assault.

14.

Plaintiff did not realize he had suffered psychological damage from the sexual abuse alleged above or the causal connection between his psychological damage and the actions of the Defendant until a date within five years of the date of the filing of this Complaint. Therefore, this case qualifies for the special statute of limitations set forth in ORS 12.117.

15.

As a direct and proximate result of the conduct alleged above, Plaintiff has suffered and will continue to suffer pain, mental suffering, emotional distress, humiliation, injury to reputation, loss of care, comfort, companionship in society, loss of consortium, inconvenience and interference with normal and usual activities apart from gainful employment; Plaintiff should be awarded $5 million in non-economic damages.

16.

As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff has incurred, and will incur in the future, reasonable and necessary economic damages for mental health counseling, rehabilitative services, and other health care services; Plaintiff should be awarded $5,000.00 for medical and counseling expenses incurred up through the time of the filing of this Complaint, and $100,000, or such other greater amount as may be proved at trial, for future medical and counseling expenses.

Page 6 - **PLAINTIFF'S COMPLAINT**

RANDALL VOGT, PC
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 6 of 8

17.

Plaintiff may at a future date seek the Court's permission to amend this Complaint to seek punitive damages.

## COUNT II: COMMON LAW NEGLIGENCE

18.

Plaintiff realleges paragraphs 1 through 17 as fully set forth.

19.

Defendant LDS knew that Fife was a pedophile. Therefore, Defendant LDS was negligent in allowing Fife to have contact with and supervisory authority over minor parishioners, including Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants and each of as follows:

    (a)    $5 million in non-economic damages;

    (b)    $105,000.00 in economic damages; and

    (c)    Such other amounts which made be proved at trial; and

    (d)    Costs and disbursements incurred herein.

/

/

/

Page 7 - **PLAINTIFF'S COMPLAINT**

**RANDALL VOGT, PC**
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 7 of 8

DATED this 30th day of January, 2013.

Randall Vogt, OSB 773813
Attorney for Plaintiff

Trial attorney: Randall Vogt, OSB 773813

Page 8 - **PLAINTIFF'S COMPLAINT**

**RANDALL VOGT, PC**
1314 NW Irving, Suite 207
PORTLAND, OR 97209
(503) 228-9858
FAX (503) 228-9860

Exhibit 1
Page 8 of 8